IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| DR. MICHAEL L. STERN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:18-CV-807-WKW |
| | ) | [WO] |
| DR. STEVEN LEATH, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This is a First Amendment retaliation case under 42 U.S.C. §§ 1983 and 1985. Plaintiff Michael Stern filed his original complaint against Defendant Auburn University, alleging that he was discharged as chair of the Economics Department in retaliation for his negative statements about athletics at Auburn. (Doc. # 1.)

Auburn moved to dismiss on the ground that it is immune from suit under the Eleventh Amendment and is not a "person" for purposes of § 1983 liability. (Doc. # 11.) Fifteen days later, Plaintiff amended his complaint as a matter of course to substitute four University officials in place of Auburn University. (Doc. # 15.) Plaintiff then responded to Auburn's motion to dismiss by stating that the motion was mooted by his amended complaint. (Doc. # 16.) The court agrees with Plaintiff. Auburn's first motion to dismiss (Doc. # 11) will be denied as moot, and the new individual defendants will be ordered to respond to the new complaint.

Auburn's second motion to dismiss or strike the amended complaint (Doc. # 18) will also be denied. Auburn argues that, since the Eleventh Amendment barred the original claims against it, the court never had jurisdiction over the case, and "Plaintiff cannot now amend his [c]omplaint to create jurisdiction." (Doc. # 18, at 2.) This argument is not well taken. For starters, it is not at all clear that sovereign immunity goes to a court's subject-matter jurisdiction. The Supreme Court itself has recognized it has not decided whether sovereign immunity is a matter of subject-matter jurisdiction. *See Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 391 (1998). Indeed, it "has sent conflicting signals on the nature of the sovereign immunity defense." 13 Charles Alan Wright et al., *Federal Practice and Procedure: Jurisdiction and Related Matters* § 3524.1 (3d ed. 2008).

Two features of sovereign immunity make it unlike subject-matter jurisdiction. First, a party may waive sovereign immunity. *See Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 624 (2002). Second, courts are not required to raise sovereign immunity *sua sponte*. *See Patsy v. Bd. of Regents of State of Fla.*, 457 U.S. 496, 515 n.19 (1982). The cases Auburn cites for the proposition that a plaintiff may not amend jurisdictional defects out of the original complaint are thus inapposite because they deal with subject-matter jurisdiction, not the unique defense of sovereign immunity.

Plaintiff's amendment, which substitutes four University officials in place of the University itself, is best characterized not as an amendment curing a jurisdictional defect, but as one substituting the proper parties. Courts routinely allow amendment to substitute the proper party when the original named party is immune. *See, e.g.*, *Wilger v. Dep't of Pensions & Sec'y for State of Ala.*, 593 F.2d 12, 13 (5th Cir. 1979); *Carcaño v. McCrory*, 203 F. Supp. 3d 615, 630 n.19 (M.D.N.C. 2016); *Johnson v. Veterans Affairs Med. Ctr.*, 133 F. Supp. 3d 10, 17 (D.D.C. 2015); *Doyle v. Wilson*, 529 F. Supp. 1343, 1347 (D. Del. 1982); *Nordell v. Montgomery Ala. Police Dep't*, No. 2:07CV1007-MHT, 2008 WL 622043, at *7 (M.D. Ala. Mar. 4, 2008) ("Ordinarily, a plaintiff should be allowed to amend the complaint to substitute the proper party as a defendant unless such an amendment would be futile."). Auburn gives no good reason for dismissing Plaintiff's amended complaint, especially considering that Plaintiff did not need leave to amend because he had the right to do so as a matter of course. *See* Fed. R. Civ. P. 15(a)(1). Auburn's second motion to dismiss or strike Plaintiff's amended complaint will therefore be denied.

It is ORDERED:

(1)   Auburn's motion to dismiss (Doc. # 11) is DENIED AS MOOT.

(2)   Auburn's motion to dismiss or strike the amended complaint (Doc. # 18) is DENIED.

(3) Defendants are DIRECTED to file an answer to Plaintiff's amended complaint (Doc. # 15) on or before **May 1, 2019**.

DONE this 11th day of April, 2019.

> /s/ W. Keith Watkins
> UNITED STATES DISTRICT JUDGE