# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **DR. MICHAEL L. STERN,**<br>     Plaintiff,<br><br>v.<br><br>**DR. CHRISTOPHER B. ROBERTS, et al.,**<br>     Defendants. | Case No. 3:18-cv-807-CLM |

## ORDER

The court rules on the motions in limine (docs. 140 & 145) and witness and exhibit list objections (docs. 141, 142, 143, 144) as follows:

### A.    Exhibit List Objections (docs. 142 & 144)

The court **DENIES AS MOOT** the parties' exhibit list objections (docs. 142 & 144). As ordered, the parties have filed newly numbered exhibit lists. The court will rule on the parties' objections to the newly numbered exhibits.

### B.    Stern's Motion in Limine (doc. 145)

1. <u>Lead adverse witnesses</u>: The court **GRANTS** Stern's motion to lead adverse witnesses. Both parties can lead adverse witnesses. But the parties must advise the court before each hostile witness testifies.

2. <u>Invoke Rule 615</u>: The court **GRANTS** Stern's motion to invoke Rule 615. The parties may sit at counsel's table. All other witnesses are barred from the courtroom until released from the rule.

3. <u>Opening the door</u>: The parties must ask the court before offering exhibits or eliciting testimony the court has excluded.

4. <u>Matters dismissed by court</u>: The court **GRANTS IN PART** Stern's motion to exclude evidence on matters dismissed by the court. Defendants can offer evidence relevant to their defense(s) to the 3 remaining claims. For

example, evidence of insubordination. But neither party can refer to or offer evidence that relates to only the dismissed claims.

5. <u>Matters neither pleaded nor preserved</u>: The court **GRANTS** Stern's motion to preclude Defendants from relying on defenses not pleaded in their answer or relying on documents not produced in *this* litigation.

6. <u>Rule 26 disclosures</u>: The court will rule on this issue when addressing Stern's objections to Defendants' witness and exhibit lists.

7. <u>Settlement discussions</u>: The court **GRANTS** the motion to exclude evidence of settlement negotiations.

8. <u>Number of documents and depos</u>: The court **GRANTS** Stern's motion to prevent the parties from referring to the number of documents produced during discovery or witnesses deposed.

9. <u>Untimely produced evidence</u>: The court **GRANTS** this motion. The parties cannot mention or offer evidence from the *Seals* case that wasn't timely produced in this case.

10. <u>Taxes and Tuition</u>: The court **GRANTS** this motion. Neither party can argue or mention the effect of this case on taxes or tuition.

### C.     Defendants' Motion in Limine (doc. 140)

1. <u>Koch scandal</u>: The court **GRANTS** Defendants' motion to exclude references to the alleged Koch scandal at Auburn's business school. Neither party can discuss the Koch Foundation because it isn't relevant to Stern's remaining claims.

2. <u>Economics move</u>: The court **GRANTS IN PART** Defendants' motion to prevent Stern from discussing the Economic Department's move from the College of Business to the College of Liberal Arts. Stern can mention the move as background narrative, but he cannot argue to the jury that it is evidence of retaliation for the 3 remaining claims. Nor can he offer evidence about the move other than the narrative.

3. 2010 tenure application: The court **GRANTS** Defendants' motion to preclude reference to Stern's 2010 tenure application because the tenure application isn't relevant to Stern's remaining claims.

4. Forward curricular conspiracy: The court **GRANTS IN PART** Defendants' motion to exclude reference to the alleged forward curricular conspiracy. Stern may testify about the alleged plan to create majors that would obviate the need to cluster athletes in Public Administration *if* he can tie that plan to the motivation behind his speech. Stern may also seek to elicit evidence from Defendants that tends to show that they retaliated against Stern because the plan to develop these new majors became public in *The Chronicle of Higher Education* article. But Stern may not present evidence of the forward curricular conspiracy for any other reason, such as to prove that he was right about athletics' interference in the Public Administration major. The court will keep a tight leash on questions related to the alleged forward curricular conspiracy.

5. John Urschel blog post: The court **DENIES** Defendants' motion to preclude evidence of John Urschel's blog post. Stern may ask Defendants about the post to (possibly) show its effect on Defendants and thus provide motive for their alleged retaliatory acts.

6. Dr. Duffy "bribe": The court **GRANTS IN PART** Defendants' motion to exclude from evidence Stern's allegation that Dr. Patricia Duffy was the target of an institutional bribe from Auburn. Stern may testify about Dr. Gary Waters' offer for athletics to supplement the Public Administration major *if* he can tie that plan to the motivation behind his speech. Stern may also seek to elicit evidence from Defendants that tends to show that they retaliated against Stern because Waters' statements to Duffy became public in news articles that Stern participated in. But Stern may not present evidence of the alleged bribe for any other reason, such as to prove that he was right about athletics' interfering in the Public Administration major. Like with the alleged forward curricular conspiracy, the court will keep a tight leash on questions related to this alleged offer of funds.

7. Dr. Crowley's 'explosive' statement: The court **GRANTS** Defendants' motion to exclude Dr. Crowley's statement that Stern's allegations were

explosive. This statement by Dr. Crowley is out unless Stern can tie the statement to Defendants or their motive to retaliate against Stern.

8. Chuck Person: The court **GRANTS** Defendants' motion to exclude evidence that Stern met with President Leath "right in the middle of the FBI-Chuck Person scandal." Neither party can discuss the FBI/Chuck Person.

9. Replacing Provost and Faculty Athletics Rep: The court **GRANTS** Defendants' motion related to the decisions to appoint Hardgrave as Provost and Dr. Beverly Marshall as Faculty Athletics Representative. Neither party can discuss these decisions.

10. Jay Jacobs & Gary Waters: The court **GRANTS** Defendants' motion to exclude evidence of Jacobs' or Waters' retirement checks and pay.

11. Econ Department Performance: The court **GRANTS IN PART** Defendants' motion to exclude evidence of data that showed that the Economics Department performed well while Stern was chair. Stern may introduce this evidence only to show that his Department's performance didn't provide Defendants with a legitimate reason to remove him as chair. The court expects that this won't be an issue because Defendants will argue that Aistrup removed Stern because of alleged insubordination, not the Economic Department's performance.

12. Dr. Kim: The court **GRANTS** Defendants' motion to exclude evidence of Dr. Kim's alleged retaliation. Stern can give the narrative that Dr. Kim was chosen to replace him but cannot testify about Dr. Kim's actions as proof of Defendants' retaliatory acts.

13. Student statement: The court **GRANTS** Defendants' motion to exclude the statement from an unknown student that someone had told him that Stern was "taking a semester off." This statement is double hearsay and irrelevant because Stern hasn't tied it to Defendants.

14. Dr. Seals' grievance: The court **DENIES** Defendants' motion to exclude evidence of Dr. Alan Seals' grievance. Stern may call Seals to testify about his grievance if Stern can tie the Seals and Stern actions in time and subject matter.

15. <u>Conspiracy</u>: The court **GRANTS** Defendants' motion to exclude mention of Defendants conspiring against him because the court has dismissed Stern's conspiracy counts.

16. <u>Dr. Sengupta</u>: The court **GRANTS** Defendants' motion to exclude evidence of Dr. Sengupta's alleged retaliation. The court has dismissed all claims based on Dr. Sengupta's alleged acts.

17. <u>Retaliation against third parties</u>: Defendants seek to exclude evidence of any alleged retaliation against a third-party because of Stern's alleged speech, their own speech, or because they supported Stern. The parties specifically dispute whether five alleged instances of retaliation are relevant to Stern's claims. The court will address each alleged act of retaliation in turn.

*a. Dr. Liliana Stern:* The first alleged instance of retaliation is Dr. Kim asking Stern's wife, Dr. Liliana Stern, not to serve as a University Senator and failing to put her on departmental committees. As discussed, the court has dismissed all claims related to Dr. Kim's alleged retaliation. So the court **GRANTS** Defendants' motion to exclude evidence of these acts.

*b. Dr. Alan Seals:* The next alleged instance of retaliation is Dean Aistrup's removal of Dr. Seals as the Graduate Program Officer for the Economics Department, which allegedly lead to Seals not being put on departmental committees. The court **DENIES** Defendants' motion to exclude this evidence as long as Stern can tie these acts to Aistrup's knowledge that Seals was speaking out against the clustering of student athletes in the Public Administration major.

*c. Randy Beard:* The next alleged instance of retaliation is Dean Aistrup and Dr. Kim's removal of Randy Beard from the College of Liberal Arts Budget Committee and Dr. Kim's failure to put Beard on Economic Department committees. The court **GRANTS** Defendants' motion to exclude this evidence unless Stern can offer evidence that (1) Aistrup knew Beard supported Stern in the Public Administration debate, and (2) Aistrup acted because of Beard's support of Stern's position.

*d. Jennifer Bruno:* The next alleged instance of retaliation is Dr. Kim's reprimand of administrative assistant Jennifer Bruno and Aistrup's removal

5

of Bruno from the Economics Department. The court **GRANTS** Defendants' motion to exclude this evidence unless Stern can offer evidence that (1) Aistrup knew Bruno supported Stern in the Public Administration debate, and (2) Aistrup acted because of Bruno's support of Stern's position. Again, acts of retaliation by Dr. Kim not traced to Defendants are irrelevant.

*e. Dr. Joe Majdalani:* The final alleged instance of retaliation is Boosinger and Hardgrave's removal of Dr. Joe Majdalani as chair of the Aerospace Engineering Department of Auburn's College of Engineering. The court finds that Dr. Majdalani's removal isn't related to Stern's removal as chair or otherwise connected to Stern's speech. So the court **GRANTS** Defendants' motion to exclude Majdalani's allegations from evidence.

18. Open Records Act requests: The court **GRANTS** Defendants' motion to prevent Stern from referring to an alleged criminal conspiracy to withhold certain documents from Auburn's response to Stern's Alabama Open Records Act request.

19. Miller Hall move: The court **GRANTS** Defendants' motion to prevent Stern from testifying or asking questions about damage or other issues stemming from the Economics Department's move to Miller Hall.

20. Best chair of best department: The court **DENIES** Defendants' motion to prevent Stern from testifying that he was the best chair of the best department. Stern may testify that he believed he deserved high raises because he was the best chair of the best department in the College of Liberal Arts. Defendants may testify about their disagreement with anything Stern (or his witnesses) says.

21. Complaints about Dr. Kim: The court **GRANTS** Defendants' motion to preclude Stern from introducing evidence about his or others' complaints about Dr. Kim.

22. "All the Speaker's Men": The court **GRANTS** Defendants' motion to prevent Stern from introducing evidence about this article.

23. "The Auburn Greed": The court **GRANTS** Defendants' motion to prevent Stern from introducing evidence about this article.

24. <u>Time-barred claims</u>: The court **DENIES IN PART** Defendants' motion to exclude reference to claims the court held were time-barred. Stern may testify about actions Defendants took against him that the court held were time-barred only to prove motive, intent, and plan. Stern cannot introduce evidence of Defendants' other acts to argue for additional damages.

25. <u>Dr. Leath's resignation</u>: The court **GRANTS** this motion. Stern can testify that Dr. Leath resigned but cannot offer testimony or evidence about the reason(s) why.

26. <u>No-confidence vote</u>: The court **GRANTS** Defendants' motion to prevent Stern from mentioning that he and others called for a no-confidence vote against Hardgrave over Auburn's COVID-19 response.

27. <u>Dr. Aistrup Resignation</u>: The court **GRANTS** this motion. Stern can testify that Dr. Aistrup resigned but cannot offer testimony or evidence about the reason(s) why.

28. <u>Settlement offers</u>: The court **GRANTS** this motion. As discussed, neither party can present settlement-related evidence.

29. <u>Proposal to close Public Administration</u>: The court **GRANTS IN PART** Defendants' motion to exclude evidence of the reasons why the Public Administration major wasn't closed. Stern can offer evidence about the debate whether to close Public Administration and can offer his opinion on the issue. That's it.

30. <u>Travis Thomas litigation</u>: The court **GRANTS** Defendants' motion to exclude references to the Travis Thomas litigation.

31. <u>Academic Program Review investigation</u>: The court **GRANTS** Defendants' motion to exclude references to the 2019–2020 Academic Program Review investigation.

32. <u>Seals' litigation</u>: The court **DENIES** Defendants' motion to exclude references to Dr. Alan Seals' claims of retaliation. Seals must tie all testimony to Defendants' alleged retaliatory acts for his First Amendment speech.

33. <u>Liliana Stern's conversations</u>: The court **GRANTS** Defendants' motion to exclude references to Dr. Liliana Stern's 2020 conversation(s) with President Gouge and Hardgrave.

34. <u>Winn and Bruno statements</u>: The court **GRANTS IN PART** Defendants' motion to exclude Dr. Alan Seals' statements about what Winn and Bruno told him. Dr. Seals cannot testify about what Winn and Bruno said. But Winn and Bruno can testify about the facts in those statements.

### D. Stern's Witness List Objections (doc. 143)

1. <u>Undisclosed witnesses</u>: The court **SUSTAINS** Stern's objections to Whitney Brock and Linda Maxwell-Evans being listed on Defendants' witness list. That these two individuals were mentioned in Stern's personnel file didn't give Stern adequate notice that they'd be called as witnesses. The court **OVERRULES** Stern's objections to Dr. Sengupta and Dr. Vickers. Stern knew about and discussed Dr. Sengupta and Dr. Vickers when opposing Defendants' motion for summary judgment, so they were adequately disclosed.

2. <u>Irrelevant witnesses</u>: The court finds that Dr. Clark, Dr. Israel, and Dr. Winn all have relevant knowledge to at least one remaining claim or defense. So the court **OVERRULES** Stern's objection to their inclusion on Defendants' witness list.

3. <u>Unnamed Rebuttal or Impeachment Witnesses</u>: The court **DEFERS** ruling on Stern's objection to Defendants' unnamed rebuttal or impeachment witnesses. Both sides must inform the court before calling a witness not on their witness list for rebuttal or impeachment purposes.

### E. Defendants' Witness List Objections (doc. 141)

Stern's witness list (doc. 130) lists 54 potential witnesses. Defendants object to 37 of these witnesses, mainly on relevancy and Rule 403 grounds. The court addresses each objection below.

1. <u>Dr. Anna Gramberg</u>: The court **OVERRULES** Defendants' objections to Dr. Anna Gramberg. Gramberg may testify about Stern and the College of Liberal Arts.

2. <u>Dr. Paula Bobrowski</u>: The court finds that Dr. Paula Browbowski has relevant knowledge as to at least one remaining claim or defense. And the danger of unfair prejudice doesn't substantially outweigh the probative value of her testimony. So the court **OVERRULES** Defendants' objections to Bobrowski.

3. <u>Jennifer Bruno</u>: The court finds that Jennifer Bruno has relevant knowledge as to at least one remaining claim or defense. And the danger of unfair prejudice doesn't substantially outweigh the probative value of her testimony. So the court **OVERRULES** Defendants' objections to Bruno.

4. <u>Dr. Alan Seals</u>:  As discussed, Dr. Alan Seals may testify about his claims of retaliation if he ties the retaliation to Defendants and protected speech that's like Dr. Stern's speech. So the court **OVERRULES** Defendants' objections to Dr. Alan Seals.

5. <u>Dr. Svyantek</u>: The court finds that Dr. Svyantek has relevant knowledge as to at least one remaining claim or defense. And the danger of unfair prejudice doesn't substantially outweigh the probative value of his testimony. So the court **OVERRULES** Defendants' objections to Svyantek.

6. <u>Jay Jacobs</u>: The court **SUSTAINS** Defendants' objections to Jay Jacobs. Stern has not shown that Jacobs has relevant information. And discovery is closed, so the court will not allow Stern to depose Jacobs to learn if he does know about Defendants' alleged retaliation.

7. <u>Dr. Gary Waters</u>: The court **SUSTAINS** Defendants' objections to Dr. Gary Waters. Stern hasn't shown that Waters has testimony that proves Defendants' retaliation against Stern, rather than that Athletics was clustering students in Public Administration. This ruling doesn't preclude Stern from testifying that Waters' actions motivated his speech.

8. <u>Bruce Pearl</u>: The court **SUSTAINS** Defendants' objections to Bruce Pearl. Stern hasn't shown that Pearl has relevant information about Defendants' alleged retaliation against Stern.

9. <u>Dr. Patricia Duffy</u>: The court finds that Dr. Patricia Duffy has relevant knowledge as to at least one remaining claim or defense. And the danger of

unfair prejudice doesn't substantially outweigh the probative value of her testimony. So the court **OVERRULES** Defendants' objections to Duffy.

10. <u>Lee Armstrong & M. Maran White</u>: During the pretrial conference, Stern agreed that he didn't need to call former Auburn General Counsel Lee Armstrong because the court has prohibited Stern from presenting evidence of his Alabama Open Records Act requests. And Stern agreed that he could use emails University Counsel M. Maran White were copied on instead of White's testimony. So the court **SUSTAINS** Defendants' objections to these witnesses.

11. <u>Jack Stripling</u>: The authenticity of Stripling's *Chronicle of Higher Education* article isn't in question. And Stern hasn't shown that Stripling has any relevant testimony. So the court **SUSTAINS** Defendants' objections to Stripling being called as a witness.

12. <u>John Sophocleus</u>: The court has ruled that Sophocleus' Alabama Gazette articles are out. And Sophocleus' affidavit doesn't include relevant evidence about Stern's remaining claims. So the court **SUSTAINS** Defendants' objections to Sophocleus.

13. <u>Dr. Barry Burkhart</u>: Stern hasn't shown that Burkhart has relevant evidence about Defendants' alleged retaliation against Stern. So the court **SUSTAINS** Defendants' objections to Burkhart.

14. <u>Dr. Sengupta</u>: The court finds that Dr. Sengupta has relevant knowledge as to at least one remaining claim or defense. And the danger of unfair prejudice doesn't substantially outweigh the probative value of his testimony. So the court **OVERRULES** Defendants' objections to Dr. Sengupta.

15. <u>Dr. Rajan Nataraajan</u>: Dr. Nataraajan does not know about facts that occurred after Stern's protected speech. So the court **SUSTAINS** Defendants' objections to Nataraajan.

16. <u>Dr. Dan Laroque</u>: Stern hasn't shown that Laroque has testimony that proves that Defendants retaliated against Stern rather than that Athletics clustered student athletes in Public Administration. So the court **SUSTAINS** Defendants' objections to Laroque.

17. <u>Ben Cohen</u>: The authenticity of Cohen's *Wall Street Journal* article isn't in question. And Stern hasn't shown that Cohen has any relevant testimony. So the court **SUSTAINS** Defendants' objections to Cohen.

18. <u>Dr. Andrew Gillespie</u>: The court has dismissed all claims about the 5-year review. So the court **SUSTAINS** Defendants' objections to Gillespie.

19. <u>Dan King</u>: The court **SUSTAINS IN PART** Defendants' objections to Dan King. The court has dismissed all claims about the move from the Haley Center to Miller Hall, so Stern cannot question King about the move. Stern may question King about the incident involving pictures in Seals' office if Stern can establish that the incident related to the Public Administration debate.

20. <u>Dr. George Flowers</u>: The court has dismissed all claims related to Dr. Kim, so the court finds that Flowers doesn't have any relevant testimony. As a result, the court **SUSTAINS** Defendants' objections to Flowers.

21. <u>Dr. Constance Relihan</u>: During the pretrial conference, Stern asked the court to withhold ruling on Defendants' objections to Dr. Relihan and to allow Stern to proffer what her testimony will be. But Stern admitted that he doesn't know if Relihan has any relevant knowledge, such as how Boosinger reacted to Stern's speech. So the court **SUSTAINS** Defendants' objections to Relihan unless Stern can tie Relihan to either his protected speech or Defendants' alleged retaliatory acts.

22. <u>Dr. Scott Phillips</u>: The court **OVERRULES** Defendants' objections to Phillips. Phillips can testify about Aistrup's alleged statements/threats against Stern.

23. <u>Dr. Peter Chen</u>: The court **OVERRULES** Defendants' objections to Chen. Chen can testify about Aistrup's alleged statements/threats against Stern.

24. <u>Dr. Margaret Mitchell Brown</u>: The court **OVERRULES** Defendants' objections to Brown. Brown can testify about complaints about Public Administration. She can also testify about being offered the position of chair of the Economic Department.

25. <u>Dr. Duha Altindag</u>: The court **SUSTAINS** Defendants' objections to Altindag testifying in Stern's case in chief because Stern didn't disclose Altindag as a potential witness. Stern must inform the court if he wishes to call Dr. Altindag in rebuttal.

26. <u>Wendy Bonner</u>: The court **OVERRULES** Defendants' objections to Wendy Bonner. Bonner can testify about Aistrup's reaction to Stern's protected speech or Aistrup's treatment of Stern.

27. <u>Lt. Gen. Ronald Burgess, Jr.</u>: Stern didn't disclose General Burgess as a potential witness. Stern also hasn't shown that General Burgess has any knowledge of Defendants' alleged retaliation. So the court **SUSTAINS** Defendants' objections to General Burgess.

28. <u>Raymond Harbert</u>: Stern didn't disclose Harbert as a potential witness. Stern also hasn't shown that Harbert has any knowledge of Defendants' alleged retaliation. So the court **SUSTAINS** Defendants' objections to Harbert.

29. <u>Dr. Roy Hartfield</u>: Stern didn't disclose Hartfield as a potential witness. Stern also hasn't shown that Hartfield has any knowledge of Defendants' alleged retaliation. So the court **SUSTAINS** Defendants' objections to Hartfield.

30. <u>Dr. Joseph Majdalani</u>: Stern didn't disclose Majdalani as a potential witness. And as discussed, the court finds that Majdalani's claims against Auburn administrators aren't relevant to Stern's claims. So the court **SUSTAINS** Defendants' objections to Majdalani.

31. <u>Dr. Sara Seals</u>: Stern didn't disclose Dr. Sara Seals as a potential witness, so the court **SUSTAINS** Defendants' objections to Dr. Sara Seals testifying in Stern's case in chief. Stern must inform the court if he wishes to call Dr. Sara Seals in rebuttal.

32. <u>Russell Spears</u>: Stern didn't disclose Spears as a potential witness, so the court **SUSTAINS** Defendants' objections to Spears' testifying in Stern's case in chief. Stern must inform the court if he wishes to call Spears in rebuttal.

33. <u>Mike Waldrop</u>: Stern didn't disclose Waldrop as a potential witness. And Stern hasn't shown that Waldrop has relevant information about Defendants' alleged retaliation, rather than general information about the Public Administration program. So the court **SUSTAINS** Defendants' objections to Waldrop.

34. <u>Dr. Shuwei Zhang</u>: Stern didn't disclose Zhang as a potential witness, so the court **SUSTAINS** Defendants' objections to Zhang testifying in Stern's case in chief. Stern must inform the court if he wishes to call Zhang in rebuttal.

35. <u>Angela Zimmerman (Powell)</u>: Stern didn't disclose Zimmerman as a potential witness. And Stern hasn't shown that Zimmerman has relevant information about Defendants' alleged retaliation, rather than Dr. Kim's actions. So the court **SUSTAINS** Defendants' objections to Zimmerman.

36. <u>Bruce Melton</u>: Stern didn't disclose Melton. And Stern admitted during the pretrial conference that he wasn't sure what Melton's testimony would be. Plus, Stern had the opportunity to seek to depose or otherwise gather information from Melton because Melton contacted Stern about his investigation before the discovery deadline passed. So the court **SUSTAINS** Defendants' objections to Melton.

—

The court explained its reasoning for many of these rulings on the record during the pretrial conference. The court adopts and applies those rationales to this written order.

**Done** and **Ordered** on October 24, 2022.

*[signature]*

**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE