IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DR. MICHAEL L. STERN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 3:18-cv-00807-CLM-JTA |
| CHRISTOPHER B. ROBERTS, ET ) | |
| AL., ) | |
| ) | |
| Defendants. | |

**DEFENDANT DR. JOSEPH AISTRUP'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW OR, IN THE ALTERNATIVE, FOR A NEW TRIAL OR REMITTITUR**

Pursuant to Federal Rule of Civil Procedure 50(b), Defendant Dr. Joseph Aistrup renews his motion for judgment as a matter of law (Doc. 187) as to the two claims, Count 2 and Count 3, asserted against him. Alternatively, Defendant Aistrup moves, pursuant to Rule 59, for a new trial on both Count 2 and Count 3. If the Court declines to grant his Rule 50(b) motion and declines to grant outright his Rule 59 motion, Defendant Aistrup moves the Court to remit the jury's awards of compensatory damages against him and, if Stern declines to accept such a remittitur,

18991816.3

to order a new trial.[1] In support of these motions, Defendant Aistrup states as follows:

### I. Standard of Review

Federal Rule of Civil Procedure 50 provides:

> 1. *In General.* If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
>
>> 1. Resolve the issue against the party; and
>>
>> 2. Grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.
>
> 2. *Motion.* A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment.

Fed. R. Civ. P. 50(a); *see also* Fed. R. Civ. P. 50(b) ("If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), … the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59.").

---

[1] Defendant Aistrup is filing contemporaneously a separate motion seeking reduction of the punitive damages awards to the constitutional maximum, should the Court decline to grant the Rule 50(b) or Rule 59 motions.

The Court "examine[s] the evidence in the light most favorable to the nonmoving party." *Bennett v. Hendrix*, 325 F. App'x 727, 735 (11th Cir. 2009). The Eleventh Circuit has explained:

> The nonmovant, however, "must put forth more than a mere scintilla of evidence suggesting that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions." "If the nonmoving party failed to make a showing on an essential element of his case with respect to which he had the burden of proof, then the entry of judgment as a matter of law is appropriate."

*Id.* (internal citations omitted); *see also D'Angelo v. Sch. Bd. of Polk Cnty., Fla.*, 497 F.3d 1203, 1208 (11th Cir. 2007); *Moss v. City of Pembroke Pines*, 782 F.3d 613, 617 (11th Cir. 2015); *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 509 (1993) (holding that a Rule 50 motion must be granted when no "issue of fact remains for the trier of fact to determine" based on the preponderance of the evidence). "When a court considers a motion for judgment as a matter of law—even after the jury has rendered a verdict—only the sufficiency of the evidence matters. The jury's findings are irrelevant." *Connelly v. Metro. Atlanta Rapid Transit Auth.*, 764 F.3d 1358, 1362 (11th Cir. 2014) (internal marks and citations omitted).

Rule 59 provides:

> (1) *Grounds for New Trial*. The court may, on motion, grant a new trial on all or some of the issues—and to any party—as follows:

> (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court.

Fed. R. Civ. P. 59(a). "'A judge should grant a motion for a new trial when the verdict is against the clear weight of the evidence or will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict.'" *Tracy v. Fla. Atl. Univ. Bd. of Trs.*, 980 F.3d 799, 811 (11th Cir. 2020) (quoting *Lipphardt v. Durango Steakhouse of Brandon, Inc.*, 267 F.3d 1183, 1186 (11th Cir. 2001)).

As to remittitur of damages, "[i]n the Eleventh Circuit, a court may order remittitur and reduce the punitive damages awarded by the jury. The remedy for a damages awarded that is 'outside the bounds of evidence is for the "district court [to] reduce the award to the maximum amount established by the evidence."'" *Davis v. White*, No. 7:17-cv-01533-LSC, 2022 WL 3083458, at *1 (N.D. Ala. Aug. 3, 2022) (quoting *Hicks v. City of Tuscaloosa*, No. 7:13-2063-TMP, 2016 WL 1180119, at *7 (N.D. Ala. Mar. 25, 2016)); *see also Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1268 (11th Cir. 2008); *Sand v. Kawaski Moors Corp. U.S.A.*, 513 F. App'x 847, 855 (11th Cir. 2013) ("In general, a remittitur order reducing a jury's award to the outer limit of the proof is the appropriate remedy where the jury's damage award exceeds the amount established by the evidence."). Procedurally, the Court conditions the denial of a new trial on the plaintiff's

acceptance of the remittitur. *Johansen v. Combustion Engineering ,Inc.*, 170 F.3d 1320, 1328 (11th Cir 1999) ("A court which believes that the jury's verdict is excessive may order a new trial unless the plaintiff agrees to remit a portion of the jury's award.").

## II.     Grounds for Rule 50(b) Renewed Motion for Judgment as a Matter of Law

A.     Defendant Aistrup adopts and incorporates his motion for judgment as a matter of law filed at the close of the evidence (Doc. 187).

B.     With respect to Count 2, Stern failed to adduce sufficient evidence that (i) Stern's statements about the alleged clustering of student athletes in the Public Administration major were a motivating factor in Defendant Aistrup's decision to remove Stern as Chair of the Economics Department; or (ii) such a decision by Defendant Aistrup damaged Stern.

C.     The evidence established as a matter of law that Defendant Aistrup would have removed Stern for permissible and legitimate reasons even if Aistrup had not considered Stern's speech about the alleged clustering. *See Mt. Healthy City Schl. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977).

D.     Stern failed to adduce sufficient evidence of any damages resulting from Defendant Aistrup's removing him as a Chair of the Economics Department, and thus judgment as a matter of law is warranted.

18991816.3                                           5

E. With respect to Count 3, Stern failed to adduce evidence sufficient to establish that Stern's statements about the alleged clustering of student athletes in the Public Administration major were a motivating factor in Defendant Aistrup's decision to deny Stern a merit raise for the 2018–2019 academic year and/ or a one-time supplement in December 2018.

F. The evidence established as a matter of law that Defendant Aistrup would have denied Stern a raise for the 2018–2019 academic year and the one-time supplement in December 2018 for permissible and legitimate reasons even if Aistrup had not considered Stern's speech about the alleged clustering. *See Mt. Healthy*, 429 U.S. at 287.

G. Stern failed to adduce sufficient evidence of any damages resulting from Defendant Aistrup's assigning Stern a 0% raise and 0% one-time supplement, and thus judgment as a matter of law is warranted.

H. With respect to both Count 2 and Count 3, Stern failed to adduce evidence sufficient to establish that Defendant Aistrup acted with malice or reckless indifference to Stern's federally protected rights, and thus failed to establish an evidentiary basis for any award of punitive damages.

### III.    Grounds for Rule 59 Motion for New Trial

A.    Defendant Aistrup adopts and incorporates his motion for judgment as a matter of law filed at the close of the evidence (Doc. 187) and his renewed Rule 50(b) motion filed contemporaneously herewith.

B.    The jury's verdict on Count 2 that Stern's statements about the alleged clustering of student athletes in the Public Administration major were a motivating factor in Defendant Aistrup's decision to remove Stern as Chair of the Economics Department was against the clear and great weight of the evidence.

C.    The jury's verdict on Count 2 declining to find that Defendant Aistrup would have removed Stern for permissible and legitimate reasons even if Aistrup had not considered Stern's speech about the alleged clustering was against the clear and great weight of the evidence.

D.    The jury's verdict on Count 3 that Stern's statements about the alleged clustering of student athletes in the Public Administration major were a motivating factor in Defendant Aistrup's decision to deny Stern a merit raise for the 2018–2019 academic year and/or a one-time supplement in December 2018 was against the clear and great weight of the evidence.

E.    The jury's verdict on Count 3 declining to find that Defendant Aistrup would have assigned Stern a 0% merit raise and 0% bonus in 2018 for permissible

and legitimate reasons even if Aistrup had not considered Stern's speech about the alleged clustering was against the clear and great weight of the evidence.

F. The jury's verdict on Count 2 that Stern suffered actual damages as a result of Defendan Aistrup's removal of Stern as Chair was against the clear and great weight of the evidence.

G. The jury's verdict on Count 3 that Stern suffered actual damages as a result of Defendant Aistrup's assignment of a 0% merit raise and 0% one-time supplement in 2018 was against the clear and great weight of the evidence.

H. The jury's verdict on Count 2 awarding punitive damages against Defendant Aistrup was against the clear and great weight of the evidence.

I. The jury's verdict on Count 3 awarding punitive damages against Defendant Aistrup was against the clear and great weight of the evidence.

J. The Court erred in allowing, over Defendant Aistrup's objection, Plaintiff Exhibit 517, dealing with damages allegedly suffered by Stern.

K. The Court erred by admitting, over Defendant Aistrup's objection, evidence of alleged retaliatory acts by Defendant Aistrup against third parties, including but not limited to Dr. Alan Seals.

L. The Court erred by allowing, over Defendant Aistrup's objection, the introduction of evidence of alleged retaliatory acts by Defendant Aistrup against Alan Seals relating to a collage displayed on Seals' office door.

M.   The Court erred in allowing, over Defendant Aistrup's objection, testimony and evidence regarding statements and promises allegedly made to Stern by former Auburn President Jay Gogue that were irrelevant, highly prejudicial, and/or constituted objectionable hearsay.

N.   The Court erred in allowing, over Defendant Aistrup's objection, irrelevant and highly prejudicial evidence of the reasons for and discussions among Auburn University administrators concerning the proposed closure of the Public Administration program that exceeded the limited "background" evidence that the Court had previously ruled admissible.

O.   The Court erred in allowing, over Defendant Aistrup's objection, Stern to publish to the jury the entirety of the *Wall Street Journal* and *Chronicle of Higher Education* articles, respectively, rather than limiting such publication to those parts of the article(s) connected to or attributed to Stern, thus permitting the jury's consideration of inadmissible and highly prejudicial evidence.

P.   The Court erred in allowing, over Defendant Aistrup's objection, Stern to publish to the jury the contents of the John Urschel blog concerning the number of football players from Auburn University's 2013 football team who were Public Administration majors, thus permitting the jury's consideration of inadmissible and highly prejudicial evidence.

Q.      The Court erred in allowing, over Defendant Aistrup's objection, Stern to call Jennifer Bruno to testify, thus allowing the jury to consider irrelevant, inadmissible, and highly prejudicial evidence.

### IV.   Ground for Remittitur of Compensatory Damages

A.      Because Stern failed to adduce evidence of any actual damages in connection with Count 2 or Count 3, the only permissible award of damages, if any, would be nominal damages of one dollar ($1.00).

B.      If the Court does not grant Defendant Aistrup's renewed motion for judgment as a matter of law, and also declines to grant outright his motion for a new trial, the Court should nevertheless deny a new trial only on condition that Stern accept a remittitur to $1.00 (nominal damages) on both Count 2 and Count 3.

Respectfully submitted this the 27th day of December, 2022.

*/s/ Aria B. Allan*
One of the Attorneys for Defendants

**OF COUNSEL:**

David R. Boyd (ASB-0717-D52D)
Email: dboyd@balch.com
John G. Smith (ASB-8146-T68J)
Email: jgsmith@balch.com
Aria B. Allan (ASB-2064-E10Q)
Email: aallan@balch.com
**BALCH & BINGHAM LLP**
Post Office Box 78 (36101)
105 Tallapoosa Street, Suite 200
Montgomery, AL 36104
Telephone: (334) 834-6500
Facsimile: (334) 269-3115

Charles A. Burkhart (ASB-7825-T76C)
Email: cburkhart@balch.com
**BALCH & BINGHAM LLP**

Post Office Box 306 (35201)
1901 Sixth Avenue North, Suite 1500
Birmingham, AL 35203
Telephone:  (205) 226-8753
Facsimile:   (205) 488-5689

Jaime S. Hammer (ASB-1557-C00Z)
Email: jhammer@auburn.edu
M. Maran White (ASB-8691-I64W)
Email: mmw0012@auburn.edu
**AUBURN UNIVERSITY**
Office of General Counsel
101 Samford Hall
Auburn, AL  36849
Telephone:  (334) 844-5176

## CERTIFICATE OF SERVICE

      I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and service will be perfected upon the following CM/ECF participant(s) electronically on this the 27th day of December, 2022:

John D. Saxon
Email: jsaxon@saxonattorneys.com
**JOHN D. SAXON, P.C.**
2119 3rd Avenue North
Birmingham, AL  35203

Alicia K. Haynes
Email: akhaynes@haynes-haynes.com
**HAYNES & HAYNES, P.C.**
1600 Woodmere Drive
Birmingham, AL  35223

Cynthia Forman Wilkinson
Email: wilkinsonefile@wilkinsonfirm.net
**WILKINSON LAW FIRM, PC**
1717 3rd Avenue North, Suite A
Birmingham, AL 35203

                                         */s/ Aria B. Allan*
                                         Of Counsel