## STATEMENT OF ATTORNEY'S LIEN
## ALA. CODE § 34-3-61 (1975)

**LIENHOLDER:**      **JOHN D. SAXON, P.C.**
                     **JOHN D. SAXON, ESQ.**

**CLIENT:**          **DR. MICHAEL L. STERN**

**LIEN AMOUNT:**     **$ 172,594.20  (Attorney fee for John D. Saxon, P.C.)**
                     **$ 172,594.20  TOTAL LIEN AMOUNT**

**NOTICE IS HEREBY GIVEN,** that John D. Saxon, P.C., and John D. Saxon, Esq. in Birmingham, Alabama, claim a lien for legal services rendered on behalf of Dr. Michael L. Stern. This lien is claimed upon any and all actions and judgments for money, claims, counterclaims, settlements, and settlement agreements accruing to Dr. Stern or his legal representative(s). Pursuant to Code of Alabama § 34-3-61(b), no person shall be at liberty to satisfy said action or judgment, until the lien or claim for their fees is fully satisfied. Further, these attorneys-at-law have the same right and power over action or judgment to enforce their liens as their client had or may have for the amount due thereon to them.

**ACTION:**    *Dr. Michael L. Stern v. Dr. Christopher B. Roberts, et al.*
               **Case No. 3:18-cv-807-CLM-JTA (M.D. Ala.)**

Claimants aver that they have provided legal services to Dr. Michael Stern for five and a half years. Following a ten-day trial, a jury found in Dr. Stern's favor that Dean Joseph Aistrup engaged in acts of retaliation against Dr. Stern for engaging in speech protected by the First Amendment, the jury awarded Dr. Stern $114,817.00 in compensatory damages plus $250,000.00 in punitive damages for his removal as chair, and $31,020.00 in compensatory damages plus $250,000.00 in punitive damages for the denial of his raise and merit supplement. After post-trial motions and motions for injunctive and other relief, Final Judgment was entered in favor of Dr. Stern for: $42,836.35 in cumulative back pay and prejudgment interest, $1.00 in nominal damages, $500,000.00 in punitive damages; $72,723.33 in front pay in lieu of reinstatement; $1,113.34 in front pay for the lack of a raise; $42,836.35 for back pay and interest due through the end of July 2023; $4,453.34 in supplemental back pay; and a pay increase from $122,422.00 to $150,410.00. On August 23, 2023, Dr. Stern received all proceeds in satisfaction of the monetary aspect of the Final Judgment. Claimants were partially paid for the legal services, and fully paid for all costs and expenses they provided to Dr. Stern. Claimants have a petition for attorney fees, expenses and cost pending before the Court in *Stern v. Roberts*, No. 3:18-cv-807-CLM-JTA, in the United States District Court for the Middle District of Alabama. Doc. 253; Doc. 254. A dispute has arisen regarding the payment of the remainder of attorney fees, costs, and expenses. Claimants are legally entitled to the payment of $172,594.20 for legal services provided to Dr. Stern for which Claimants have not been paid.

Claimants aver upon information and belief that the following persons, firms, or corporations are or may be liable for money damages to Dr. Stern. As such, pursuant to Code of

Alabama § 34-3-61(b), John D. Saxon, P.C., and John D. Saxon, Esq., give notice to the following persons, firms, or corporations that no person shall be at liberty to satisfy said action or judgment, until the lien or claim of the above enumerated lien amounts is fully satisfied:

Dr. Michael L. Stern
c/o James A. Goldstein
GOLDSTEIN HAYES & LINA, LLC
3060 Peachtree Road NW
Suite 1000
Atlanta, GA 30305

James A. Goldstein
GOLDSTEIN HAYES & LINA, LLC
3060 Peachtree Road NW
Suite 1000
Atlanta, GA 30305

Jess S. Boone
FRIEDMAN DAZZIO & ZULANAS, PC
3800 Corporate Woods Drive
Vestavia, AL 35242

Auburn University
c/o John G. Smith
BALCH & BINGHAM, LLP
P.O. Box 78
Montgomery, AL 36101

Joseph Aistrup
c/o John Smith
BALCH & BINGHAM, LLP
P.O. Box 78
Montgomery, AL 36101

PREPARED BY: _____
John D. Saxon, Esq., for the Firm
John D. Saxon, P.C.

State of Alabama    )
Jefferson County    )

Personally appeared before me the undersigned Notary Public in and for said County and State, John D. Saxon, who being known to me did execute the active Statement of Attorney's Lien in my presence and furthermore having been first duly sworn did upon oath state that he executed the same with full authority individually and as the act of John D. Saxon, P.C.

Done this 6th day of October, 2023.

LAUREN MARIE KROTHE BRANHAM
My Commission Expires
November 15, 2024

_____
Notary Public

11/15/24
_____
Commission Expiration