IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DR. MICHAEL L. STERN, | ) |
| Plaintiff, | ) Case No: 3:18-cv-00807-CLM-JTA |
| v. | ) |
| DR. CHRISTOPHER ROBERTS, ET AL., | ) |
| Defendants. | ) |

**PLAINTIFF'S RESPONSE TO MOTION TO INTERVENE**

COMES NOW the plaintiff, Dr. Michael L. Stern ("Stern"), and submits his Response to the Motion to Intervene (Doc. 290) filed by Alecia K. Haynes ("Haynes"), Haynes & Haynes, P.C. ("H&H"), Cynthia Wilkinson ("Wilkinson"), and Wilkinson Law Firm ("WLF") (collectively "the Applicants"), and states as follows:

1.  The Applicants should not be allowed to intervene for several reasons. First, the court-awarded fees belong to Stern and not the Applicants. Second, the dispute between Stern and the Applicants over these fees is purely a question of state law that has nothing to do with 42 U.S.C. § 1988. Therefore, the Applicants' motion should be denied.

## I. THE COURT-AWARDED FEES BELONG TO STERN AND NOT THE APPLICANTS

2. The Applicants' contention that the court-awarded fees belong to them and not Stern directly contradicts 42 U.S.C. § 1988's plain language and the United States Supreme Court case law interpreting § 1988. The United States Supreme Court has spoken on this issue:

> *Section 1988 makes the prevailing party eligible for a discretionary award of attorney's fees.* Evans v. Jeff D., 475 U.S. 717, 730, 106 S. Ct. 1531, 1538, 89 L. Ed. 2d 747 (1986). *Because it is the party, rather than the lawyer, who is so eligible*, we have consistently maintained that fees may be awarded under § 1988 even to those plaintiffs who did not need them to maintain their litigation, either because they were fortunate enough to be able to retain counsel on a fee-paying basis, *Blanchard v. Bergeron, supra*, at 94–95, 109 S. Ct., at 944–945, or because they were represented free of charge by nonprofit legal aid organizations, *Blum v. Stenson, supra*, 465 U.S., at 894–895, 104 S. Ct., at 1546–1547. We have therefore accepted, at least implicitly, that statutory awards of fees can coexist with private fee arrangements. *See also Delaware Valley II*, 483 U.S., at 726, 107 S. Ct., at 3087 (plurality opinion); id., at 749, 107 S. Ct., at 3099 (BLACKMUN, J., dissenting). *And just as we have recognized that it is the party's entitlement to receive the fees in the appropriate case*, so have we recognized that as far as § 1988 is concerned, it is the party's right to waive, settle, or negotiate that eligibility. *See Evans v. Jeff D., supra*, 475 U.S., at 730–731, 106 S. Ct., at 3089–3090.

*Venegas v. Mitchell,* 495 U.S. 82, 87-88, 110 S. Ct. 1679, 1683 (1990)(emphasis added).

3. The United State Supreme Court has made it crystal clear that a fee contract controls the division of fees between the party and the party's attorneys. "In sum, § 1988 controls what the losing defendant must pay, not what the prevailing plaintiff must pay his lawyer. What a plaintiff may be bound to pay and what an attorney is free to collect under a fee agreement are not necessarily measured by the "reasonable attorney's fee" that a defendant must pay pursuant to a court order. Section 1988 itself does not interfere with the enforceability of a contingent-fee contract." *Id*. at 90.

4. The Applicants cherry-picked a single sentence from § 1988's legislative history to support their position, but they have taken it out of context. This sentence comes from the following paragraph:

> It is intended that the amount of fees awarded under S. 2278 be governed by the same standards which prevail in other types of equally complex Federal litigation, such as antitrust cases and not be reduced because the rights involved may be nonpecuniary in nature. The appropriate standards, see *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974), are correctly applied in such cases as *Stanford Daily v. Zurcher*, 64 F.R.D. 680 (N.D. Cal. 1974); *Davis v. County of Los Angeles*, 8 E.P.D. 9444 (C.D. Cal. 1974); and *Swann v. Charlotte-Mecklenburg Board of Education*, 66 F.R.D. 483 (W.D.N.C. 1975). These cases have resulted in fees which are adequate to attract competent counsel, but which do not produce windfalls to attorneys. <u>In computing the fee, counsel for prevailing parties should be paid, as is traditional with attorneys compensated by a fee-paying client, 'for all time reasonably expended on a matter.'</u> Davis, supra; Stanford Daily, supra, at 684.
>
> S. REP. 94-1011, 6 (emphasis added).

This portion of the history references the reasonable calculation of attorney's fees rather than to whom a fee award belongs.

5. Further, in *Blanchard v. Bergeron,* 489 U.S. 87, 91 (1989), the case referenced in the legislative history, the Court cites this comment as instructive to determine whether a fee is reasonable, not in relation to a dispute about who gets fees. *Blanchard* did not address contractual obligations of plaintiffs to their lawyers; it dealt only with what the losing defendant must pay the plaintiff, whatever might be the substance of the contract between the plaintiff and the attorney. Therefore, the legislative history does not support, or even suggest, that fees should go directly to the attorneys performing the services, as argued by the Applicants.

6. Likewise, four[1] of the five cases cited by the Applicants (Doc. 290, ¶ 34) do not involve circumstances where a litigant contracted for an interest in attorney's fees. For example, the *Miller* court discussed the value of the statutory allowance of attorney fees in civil rights actions, and that no administrative difficulties arise because attorney fees are allowed as part of the costs. "This and the general equitable powers of the court, will assure that the fees allowed are to reimburse and compensate for legal services rendered and will not go to the litigants,

---

[1] *Miller v. Amusement Enterprises, Inc.*, 426 F. 2d 534, 539 (5th Cir. 1970); *Weeks v. Southern Bell Tel. & Tel. Co.*, 359 F. Supp. 1219, 1222 (S.D. Ga. 1971); *Hairston v. R and R Apartments*, 510 F. 2d 1090, 1093 (7th Cir. 1975); *Brandenburger v. Thompson*, 494 F. 2d 885, 889 (9th Cir. 1974).

named or class." *Id.* at 539.  The *Miller* court did not make this determination, however, in response to a litigant's contracting for attorney fees.

    7.    While the fifth case - - *Sargeant v. Sharp,* 579 F. 2d 645 (1st Cir. 1978) - - involves a contingency contract between the plaintiff and their counsel, the *Sargeant* court held that the disbursement of fees should be in a particular manner to avoid a windfall, but did not suggest that fees go directly to lawyers.  *Id.* at 649.  *Sargeant* discusses how the primary purpose of attorney's fees is to encourage the private enforcement of civil rights laws, rather than reimbursing and compensating the lawyers.  Therefore, it does not support the conclusion that court-awarded fees go to lawyers and not litigants.

    8.    The foregoing proves that the fees belong to Stern and § 1988 does not interfere with his contractual right to these fees.  Any suggestion otherwise contravenes United States Supreme Court case law.  Therefore, the Applicants should not be allowed to intervene.  Accordingly, their motion should be denied.

## II. THIS COURT SHOULD ALLOW A STATE COURT TO HANDLE THE DISPUTE BETWEEN STERN AND THE APPLICANTS

    9.    This Court should refrain from exercising jurisdiction over the dispute between Stern and the Applicants because it involves questions of state law.  The dispute arises out of the fee contract between Stern and attorney John Saxon, the dealings among Saxon and the Applicants, and the dealings among Stern and the Applicants.  Stern, Saxon, and the Applicants do not dispute that this Court should

award statutory fees. They simply dispute who is entitled to them. The former is a federal question, but the latter is purely a state law matter. As such, this Court correctly decided that a state court should decide the dispute between Stern and his trial counsel.

10. The Applicants' suggestion that a court needs to be familiar with the underlying facts of this case does not withstand scrutiny. The court that decides the outcome of the dispute between Stern and the Applicants will need to familiarize itself with the terms and conditions of the fee contract between Stern and Saxon and the dealings between and among Stern and the Applicants and Saxon and the Applicants. Because no discovery has taken place on these matters, and these matters were not litigated in the underlying case, no court is familiar with the facts necessary to decide the outcome of this dispute. As such, the Applicants' argument that only this Court can resolve this dispute in a timely manner is simply false. The parties need to conduct discovery on these matters and the most efficient way to do that is in state court. Therefore, this Court should refrain from exercising supplemental jurisdiction over this dispute.

11. This Court's view that fee disputes are best addressed in the state courts is the rule and not the exception. This Court need look no further than *Samuel David Knight v. Alicia Haynes, Kenneth Haynes, and Haynes & Haynes, PC*, CV-2021-900857, Jefferson County Circuit Court (May 31, 2023)(Hatcher, J.), a case arising

from an attempt by these same lawyers to avoid honoring another written fee sharing agreement, to see that the issues are separate and distinct from the federal court's determination of the amount of the award. (See Order at 7-9, Exhibit "A").  In *Knight*, Haynes and H&H contended that they were entitled to keep 100% of court-awarded fees despite contracting to pay their referring lawyer a percentage of all moneys recovered.  *Id*. at 4-5.[2]  The *Knight* court held that fee award proceeds are no different than the rest of an award, that they do not belong to the lawyers absent a contract that says otherwise, and that their division is dictated by the contract terms. *Id*. at 7.

12.    Stern submits that Haynes and H & H avoided proposing changes to the written fee contracts because they knew that they would be rejected.  Here and in *Knight*, Stern contends that Haynes and H & H would not have been allowed to participate had they disclosed their intention to be paid 100% of the fee awards.  As in *Knight*, the Applicants claim without any corroborating documentation that it was understood that they had the exclusive rights to the fee award, regardless of written contracts stating otherwise.  Stern submits that Saxon was already obligated to perform all work necessary on his case in exchange for 40% of all awards and that Saxon had no authority to reduce Stern's share by cutting side deals with other

---

[2] Unlike the case at hand, the clients in *Knight* contractually vested Haynes and H & H with their interest in their respective fee awards.

lawyers to do his work. Furthermore, it can be gleaned from the *Knight* order that Haynes and H & H understand the importance of having written documentation of an agreement entitling them to share in the fee award.

13. Regardless of Stern's theory at this stage, the dispute between Stern and the Applicants is best addressed in state court. Therefore, the Applicants' motion is due to be denied.

### III. THE "UNDISPUTED" PORTION OF THE FEE AWARD SHOUD NOT BE DISBURSED TO THE APPLICANTS

14. Whether Stern or the Applicants are entitled to the fees is important because they do not agree about how the fees should be disbursed. The Applicants submit that they should be allowed to receive 40% of their fees (the so called "undisputed" portion of the fee award). Stern, by contrast, submits that his fee contract with Saxon controls the apportionment of all awards.

15. Because this fee contract is the only agreement entered into by Stern about fees and it controls any and all financial recovery, including fee awards, the Applicants are not entitled to circumvent it. Since Saxon associated them and Stern's fee contract states that such association does not affect the fee arrangement, the Applicants should look to Saxon, and not Stern, for their fees. In other words, it is Saxon's sole responsibility to compensate additional counsel if he elected to employ others to do his work. Therefore, under no circumstances should any of the court-awarded fees be paid directly to the Applicants. Instead, the court-awarded fees

should be paid to Saxon's trust account to be disbursed in accordance with Stern's contract. Should the Applicants desire, Saxon's portion can held in trust until the dispute between the hiring and hired attorneys has been resolved.

## IV. CONCLUSION

16. The Applicants' motion to intervene should be denied because the fee award belongs to Stern and the dispute between Stern and the Applicants is solely a matter of state law. Likewise, the Applicants' request to disburse the allegedly "undisputed" portion of the fee award should be denied because the entire fee award should be deposited into Saxon's trust account as is currently required.

                      Respectfully submitted,

                      */s/ Jess S. Boone*
                      Jess S. Boone
                      FRIEDMAN, DAZZIO & ZULANAS, P.C.
                      3800 Corporate Woods Drive
                      Birmingham, Alabama 35242
                      T:  (205) 278-7000
                      F:  (205) 278-7001
                      jboone@friedman-lawyers.com

                      ***Attorney for Plaintiff Michael Stern***

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 10th day of June, 2024, a copy of the foregoing has been filed with the Clerk of Court and served upon all parties using the CM/ECF system.

Aria Bianca Allan
David Randall Boyd
John Garland Smith
Balch & Bingham, LLP
P.O. Box 78
Montgomery, AL 36101
aallan@balch.com
dboyd@balch.com
jgsmith@balch.com

Charles Alan Burkhart
Balch & Bingham, LLP
P.O. Box 306
Birmingham, AL 35203-4642
cburkhart@balch.com

John David Saxon
Donna Smith Cude
Mac Greaves, Jr.
Karli B. Guyther
John D. Saxon, P.C.
2119 Third Avenue North
Birmingham, AL 35203
jsaxon@saxonattorneys.com
dcude@saxonattorneys.com
mgreaves@saxonattorneys.com
kguyther@saxonattorneys.com

Jaime Stone Hammer
Melissa Maran White
Auburn University
182 South College Street
101 Samford Hall
Auburn, AL 36849
Jsh0073@auburn.edu
Mmw0012@auburn.edu

Alicia Kay Haynes
Haynes & Haynes, P.C.
1600 Woodmere Drive
Birmingham, AL 35226
akhaynes@haynes-haynes.com

Cynthia Forman Wilkinson
Wilkinson Law Firm, P.C.
1717 3rd Avenue North, Suite A
Birmingham, AL 35203
wilkinsonefile@wilkinsonfirm.net

/s/ *Jess S. Boone*
Of Counsel