IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ALICIA K. HAYNES, ESQ., ) <br> HAYNES & HAYNES, PC., ) <br> CYNTHIA WILKINSON, ESQ., ) <br> and ) <br> WILKINSON LAW FIRM ) <br> ) <br> **Applicants for Intervention,** ) <br> ) <br> DR. MICHAEL L. STERN, ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> DR. CHRISTOPHER B. ) <br> ROBERTS, et al., ) <br> ) <br> **Defendants.** ) | **CIVIL ACTION NO.** <br> **3:18-cv-00807-CLM** |

ALICIA K. HAYNES', HAYNES & HAYNES, P.C'S,
CYNTHIA WILKINSON'S , AND WILKINSON LAW
FIRM'S REPLY IN SUPPORT OF MOTION TO INTERVENE

Alicia K. Haynes ("Haynes"), Haynes & Haynes, P.C. ("H&H"), Cynthia Wilkinson ("Wilkinson"), and Wilkinson Law Firm ("WLF") (collectively the "Applicants") hereby reply to Plaintiff Dr. Michael L. Stern's ("Stern") opposition to Applicants' motion to intervene in this action, pursuant to Federal Rule of Civil Procedure 24(a).

Stern, in his response to Applicants' motion to intervene as a matter of right,

argues that Applicants should not be allowed to intervene in this action because, as he sees it: the court-awarded fees belong only to him, not the Applicants; and the dispute over the fees is purely a question of state law, which should be resolved in state court. Doc. 291, p. 1. Neither argument justifies denying Applicants' motion to intervene.

### I. STERN HAS NOT REBUTTED APPLICANTS' ENTITLEMENT TO INTERVENE AS A MATTER OF RIGHT.

1. Applicants seek to intervene pursuant to Federal Rule of Civil Procedure 24(a), which provides that, "[o]n timely motion, the court *must* permit anyone to intervene" who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Rule 24(a) (emphasis added).

2. Applicants, in their motion, discussed each of these conditions and demonstrated how they have been met. Doc. 290, pp. 11-15.

3. Stern, in his response, does not dispute any of Applicants' assertions. Indeed, Stern does not even address the standards for intervention. Rather, Stern simply argues that "this Court should refrain from exercising jurisdiction over

the dispute." Doc. 291, p. 5.

4. As noted above, however, intervention as a matter of right may not be denied simply because a litigant would prefer the dispute be resolved in another forum. If a movant satisfies all of the conditions set forth in the Rule, the district court must allow the movant to intervene. *Sierra Club, Inc. v. Leavitt*, 488 F.3d 904, 910 (11th Cir. 2017). This is so, even if the dispute involves questions of state law, attorney's fees, or liens.

5. *Venegas v. Mitchell*, 495 U.S. 82 (1990) (a case relied upon by Stern – Doc. 291, p. 2-3) involved a fee award under 42 U.S.C. § 1988. A dispute arose between Venegas and his attorney, Mitchell, pertaining to whether Mitchell could recover both his contingency fee and the court-awarded fee. Mitchell sought permissive intervention in the federal action for the purpose of confirming his lien on the fee.

6. The district court denied Mitchell's motion, remarking that Mitchell could bring an action in state court to establish his lien. *Venegas*, at 85-86.

7. The Ninth Circuit reversed the district court, holding that the district court abused its discretion in denying permissive intervention to Mitchell. *Venegas v. Skaggs*, 867 F.2d 527, 531 (9th Cir. 1989).

8. In reaching this conclusion, the Ninth Circuit found "persuasive" the following

reasoning from *Wood v. Motorola, Inc.*, 587 F.Supp. 531, 532-33 (D.Haw. 1984):

> If this court refused to . . . exercise jurisdiction [over a discharged attorney's motion for fees, the discharged attorney] would be forced to file a suit in state court. The parties to this action would then face a considerable delay and expense in having [the discharged attorney's] claim determined. They would be required to make a record that would consist of facts and arguments that are already before this court. Finally, the parties would be forced to litigate before a judge who lacks the long experience with this case, and with these parties, that this court has had. Equity, along with judicial economy, dictate that this court employ its ancillary jurisdiction to hear this motion. (Brackets in original.)

9. While the Ninth Circuit did not hold that an attorney seeking to defend his fee contract may intervene as of right, *Venegas*, 867 F.2d at 531, it did note that the law on this point in the Ninth Circuit differed from that in the Fifth Circuit, which held, in *Gaines v. Dixie Carriers, Inc.*, 434 F.2d 52, 53-54 (5th Cir. 1970), that a law firm had a right to intervene in an action in order to protect its contingency fee. *Venegas*, 867 F.2d at 531.

10. *Gaines*, having been issued by the Fifth Circuit prior to September 31, 1981, is binding precedent in the Eleventh Circuit.[1]

---

[1] All Fifth Circuit decisions issued prior to September 30, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

11. The Ninth Circuit remanded *Venegas* to the district court to "determine the merits of Mitchell's motion to confirm a lien." *Venegas*, 867 F.2d at 534.

12. While the Supreme Court granted *certiorari* in *Venegas* to resolve a conflict pertaining to the relationship between contingent-fee contracts and court-awarded fees under §1988, *Venegas*, 495 U.S. at 83-84, the Court did not discuss the matter of intervention. It did, however, affirm the Ninth Circuit's judgment. *Id.* at 90.

13. Because Stern has made no attempt to rebut Applicants' particularized showing as to the four requirements for intervention as of right, Applicants' motion for intervention must be granted.

## II. APPLICANTS HAVE A LEGALLY PROTECTABLE INTEREST IN THE COURT-AWARDED FEES.

14. Stern argues that intervention should be denied because the court-awarded fees ultimately, and totally, "belong to Stern and not the applicants." Doc. 291, p. 2. But that, of course, is the issue that Applicants seek to resolve through their complaint in intervention.

15. While Stern is correct that Section 1988 "makes the prevailing party eligible for a discretionary award of attorney's fees," *Evans v. Jeff D.*, 475 U.S. 717, 730 (1986), that does not mean Stern may retain the court-awarded fee for his

personal benefit.

16. The purpose behind § 1988 was not to provide a windfall for prevailing plaintiffs. Rather, "[i]n order to ensure that lawyers would be willing to represent persons with legitimate civil rights grievances, Congress determined that it would be necessary **to compensate lawyers** for all time reasonably expended on a case. *City of Riverside v. Rivera*, 477 U.S. 561, 578(1986) (emphasis added); "The fundamental purpose of the fee award is to compensate the attorney for his efforts." *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980).

17. This understanding, that the court-awarded fees were intended to compensate counsel (*i.e.* to fulfill the prevailing parties equitable obligation to compensate his attorney for work performed on his behalf or to reimburse the prevailing party for fees already paid), is expressed in numerous Supreme Court opinions: "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983); "Since plaintiffs prevailed on the merits and achieved excellent results for the represented class, plaintiffs' counsel are entitled to an award of fees for all time reasonably expended in pursuit of the ultimate result achieved in the same manner that an attorney traditionally is compensated by a fee-paying client for

all time reasonably expended on a matter." *Id.* at 431 (quoting *Davis v. County of Los Angeles*, 8 E.P.D. ¶ 9444, at 5049 (CD Cal. 1974).

18. While Stern may attempt to prove, once intervention is granted, that the Applicants are bound by Stern's contingency agreement with Saxon, the Applicants are equally entitled to prove that he understood, when he accepted the work being performed by Applicants, that he was entering into an independent agreement with Applicants, separate and apart from the one which he had with Saxon.

19. Stern's suggestion that the Applicants "avoided proposing changes to the written fee contracts [sic]" is inconsistent with the evidence in this case. First, there is only one written fee contract - the one between Stern and Saxon. The Applicants are not signatories to that contract. Second, as Applicants point out in their motion, and describe more fully in their proposed Complaint, they fully explained to Stern the conditions under which they would represent him, and he agreed.

20. *Samuel David Knight v. Alicia Haynes, Kenneth Haynes, and Haynes & Haynes, P.C.*, CV-2021-900857, Jefferson County Circuit Court (May 31, 2023) (Hatcher, J.) is irrelevant to the dispute before the Court. *Knight* involved a disagreement over a referral fee due a referring attorney. That

7

dispute involved particular emails and communications concerning the payment of such a fee. Stern is not an attorney and the rules governing referral fees are not applicable to him. Further, Stern has no emails or documentation to establish that Applicants agreed to be bound by his contingency agreement with Saxon.

21. Stern has no written contract, contingency or otherwise, with the Applicants. Stern does have an oral contract with Applicants by which he agreed that Applicants would be: (1) reimbursed for all costs and expenses incurred in representing him regardless of the outcome of his case; and (2) compensated on an deferred hourly-basis for their representation through a court-ordered attorneys's fee award, payable by Defendants, should he prevail in his case.

22. No portion of the contingent fee paid to or retained by Attorney Saxon was shared with the Applicants and no portion of the expense reimbursement was shared with the Applicants.

23. While Stern has directly reimbursed Applicants Haynes and H&H for some of the expenses incurred by them, to the date of this reply Stern has not reimbursed Applicants for all of the additional expenses incurred during the trial, *e.g.* subpoenas, fees for service, travel, lodging, meals, costs of legal research, copies, and other trial-related expenses and costs, nor has Stern made

any arrangements with the Applicants for payment of these outstanding debts since receiving the proceeds of the verdict.

24. Applicants, who have filed a lien against the attorneys' fee award, contend that they are entitled to all court-awarded statutory fees for their legal work, as well as all costs and expenses advanced by them on behalf of Stern based on either *quantum meruit* or breach of contract.

25. Stern may disagree with that premise, but his view of the facts is not controlling. It will be up to a fact-finder to determine whether his view, or that of the Applicants, is the correct one.

26. Finally, Stern misunderstands the First Circuit's decision in *Sargeant v. Sharp*, 579 F.2d 645 (1st Cir. 1978). In *Sargeant*, plaintiff had agreed to pay her counsel a contingent fee out of her recovery. Concluding that the attorney was fully compensated through the contingency fee, the district court determined that no separate fee should be awarded under § 1988. The First Circuit rejected this approach as improperly producing a windfall for the defendant. *Id.* at 649. Rather, the court should first establish the fee amount and then determine whether counsel has already received remuneration equal to or above that amount. The award should reimburse the plaintiff, for the contingency fee already paid, "with the excess over the amount set by the fee agreement going

to her counsel." *Id.* at 649. In this way, the prevailing plaintiff is "made whole" and her counsel is fairly, and reasonably compensated for the work performed. *Cf. Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223 (11th Cir. 2017) (court's inherent power to award attorney's fees as a sanction is based, in part, on the need to make the prevailing party whole).

27. The Applicants and Stern have a disagreement as to how the attorney's fee award, made pursuant to § 1988, should be distributed. While Alabama state law will have some bearing on this issue, *e.g. quantum meruit*, breach of contract, attorney's liens, the underlying disagreement primarily requires interpretation of federal, not state, law.

**CONCLUSION**

28. Applicants have established the requirements for intervention as of right. Stern has not challenged any of these requirements. Consequently, Applicants motion to intervene should be granted, with instructions for Applicants to serve its complaint in intervention.

Respectfully submitted,

*/s/ Heather N. Leonard*
Heather N. Leonard

Heather Leonard, P.C.<br>
2105 Devereux Circle, Suite 111<br>
Birmingham, AL 35243<br>
(205) 977-5421<br>
Heather@HeatherLeonardPC.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 20th day of June, 2024, I filed the foregoing document via the CM/ECF system which will send electronic notice of such filing to the following counsel of record:

David R. Boyd
John G. Smith
Aria Bianca Allan
BALCH & BINGHAM LLP
P.O. Box 78
Montgomery, AL 36101
dboyd@balch.com
jgsmith@balch.com
aallan@balch.com

Jamie S. Hammer
Melissa M. White
AUBURN UNIVERSITY
182 South College Street
101 Samford Hall
Auburn, AL 36849
jsh0073@auburn.edu
mw0012@auburn.edu

Jess S. Boone
FRIEDMAN, DAZZIO & ZULANAS, P.C.
3800 Corporate Woods Drive
Birmingham, AL 35242
jboone@friedman-lawyers.com

Charles Alan Burkhart
BALCH & BINGHAM, LLP
P.O. Box 306
Birmingham, AL 35203-4642
cburkhart@balch.com

      /s/ *Heather N. Leonard*
      Heather N. Leonard