UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DR. MICHAEL L. STERN,<br>    Plaintiff,<br><br>v.<br><br>DR. CHRISTOPHER B. ROBERTS, et al.,<br>    Defendants. | Case No. 3:18-cv-807-CLM |

# ORDER

    This court awarded Plaintiff Michael Stern $795,765.47 in attorney's fees, $8,753.77 in costs, and $18,462.26 in litigation expenses and ordered Defendants to pay the award into the same client trust account that they paid to satisfy the relief awarded in the final judgment. (Doc. 280, p. 41).

    Defendants say that they tried to comply with the court's order by offering to pay these fees, costs, and litigation expenses into the trust account, in exchange for an acknowledgment that the payment would satisfy all obligations imposed on them by the final judgment and related court orders. (Doc. 285, p. 2). But, Defendants claim, Dr. Stern's attorneys would not acknowledge that Defendants have satisfied the judgment because they (a) assert that the fees, costs, and expenses awarded are inadequate, and (b) are now embroiled in a dispute with Dr. Stern over how to divide the award. (*Id.*).

    So Defendants move to deposit the awarded attorney's fees, costs, and litigation expenses with the court. (Doc. 285, p. 13). The court **DENIES** that motion and again **ORDERS** Defendants to pay the $795,765.47 in attorney's fees, $8,753.77 in costs, and $18,462.26 in litigation expenses to Attorney John Saxon's trust account for safekeeping under Alabama Rule of Professional Conduct 1.15. *See* Ala. R. Prof. Cond. 1.15(c) ("When in the course of representation a lawyer is in possession of property in which both the lawyer and another person claim interests, the property shall be kept separate by the lawyer until there is an accounting and severance of their interests. If a dispute arises concerning their respective interests, the portion in dispute shall be kept

separate by the lawyer until the dispute is resolved."). Upon receipt of this payment, the court **ORDERS** Dr. Stern and his trial attorneys to acknowledge that Defendants have fulfilled their obligations to Dr. Stern under this court's orders.

Now for the two reasons Defendants say Dr. Stern's attorneys refused to accept Defendants' payment. First, the court has denied Dr. Stern's motion to amend the court's order on attorneys fees, costs, and litigation expenses. If Dr. Stern believes this court erred in calculating the amount of attorney's fees, costs, and expenses that should be awarded, he may appeal the court's attorney's fees orders to the Eleventh Circuit. He may not use it as a reason to refuse acceptance of Defendants' payment. Second, Dr. Stern's contractual dispute with his trial attorneys does not affect whether Defendants must comply with this court's orders. They must, and neither Dr. Stern nor his attorneys may prevent Defendants from complying with this court's order by refusing to accept Defendants' payment of the fees, costs, and expenses awarded—even if they cannot agree about how to disburse it. The court will deal with that pending issue (doc. 290) in a future order.

## CONCLUSION

Defendants *shall* pay the $795,765.47 in attorney's fees, $8,753.77 in costs, and $18,462.26 in litigation expenses to Attorney John Saxon's trust account for safekeeping, and Dr. Stern's representative *shall* accept payment. Failure to comply with this order will likely lead to sanctions.

**Done** and **Ordered** on December 11, 2024.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE